IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| Michael G. Bradley | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: |
| v. | ) | 1:17-cv- |
| | ) | |
| Financial Credit Service, Inc., d.b.a. | ) | |
| Asset Recovery Associates, Inc. | ) | |
| Defendants. | ) | |

COMPLAINT

COMES NOW the Plaintiff, by and through his attorney, and avers against the Defendant the following:

INTRODUCTION

1. The Plaintiff seeks damages under the Fair Debt Collection Practices Act and Fair Credit Reporting Acts for Defendants' reporting and seeking collection of a debt the Plaintiff did not owe and having accessed the Plaintiff's credit reports with no legitimate basis for doing so.

PARTIES

2. Plaintiff is a resident citizen of Mobile County, Alabama and has been so for over two years.

3. Plaintiff is a "consumer" as defined by both the Fair Debt Collection Practices Act and the Fair Credit Reporting Act.

4. Defendant Financial Credit Service, Inc., is an Illinois corporation whose principal place of business is in Villa Park, Illinois.

5. The principal purpose of Defendant is the collection of debts using the mails and

telephone, and Defendant regularly attempts to collect debts alleged to be due to others.

6. Defendant is a "debt collector" according to 15 U.S.C. §1692a(6).

7. Defendant is a "user of consumer reports" and "furnishers of information to consumer reporting agencies" as those terms are defined by the 15 U.S.C. §1681a.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 15 U.S.C. §1692k(d) to hear Plaintiff's FDCPA claims in this matter and 15 U.S.C §1681p to hear Plaintiff's FCRA claims.

9. This Court has supplemental jurisdiction to hear Plaintiff's state law claims as they arise from the same series of transactions and events as the federal question claims.

10. This Court has personal jurisdiction over the Defendants because the Defendants have engaged in direct communications attempting to collect debts from Alabama resident citizens dwelling within this state.

11. Venue is proper as substantially all of the events or omissions giving rise to the Plaintiff's claims occurred within this district.

## FACTUAL ALLEGATIONS

12. At all times relevant to this proceeding, the Defendants were acting in an attempt to collect from the Plaintiff a debt they claimed had been owed to "Bank One."

13. On or about June 12, 2017, Defendant contacted the Plaintiff seeking to collect a debt from the Plaintiff. The Defendant did not identify the original creditor during this phone call.

14. The Defendant told the Plaintiff that the matter was urgent, and that if the Plaintiff did not make a payment soon, the Defendant would initiate legal proceedings against the Plaintiff.

15. The next day, the Defendant again contacted the Plaintiff and left a voice message stating that if the Plaintiff did not pay, they would start legal proceedings. During this telephone call, the Defendant again failed to tell the Plaintiff who the

alleged original creditor was, and did not tell the Plaintiff that it was a debt collector and that any information obtained would be used for that purpose.

16. On or about June 14, 2017, the Defendant telephoned the Plaintiff at his place of employment asking for money. During that call, the Plaintiff requested information about the alleged debt, including the identity of the original creditor.

17. The Defendant's agent, one "Ms. Kelly," refused to tell the Plaintiff anything other than that the alleged debt was for a "credit card."

18. Frightened at the Defendant's insistence of urgency, the Plaintiff called the Defendant back a few minutes later and again spoke to "Ms. Kelly."

19. During this second June 14th phone call, "Ms. Kelly" told Mr. Bradley that the alleged debt arose from a credit card that was jointly owed by Mr. Bradley and his ex-wife, Donna.

20. The Plaintiff had divorced Donna way back in 1980.

21. In an attempt to convince the Plaintiff of their legitimacy, the Defendant told the Plaintiff that they knew his personal information – his name, address, SSN, date of birth, and his ex-wife's address.

22. At this point, the Defendant had Mr. Bradley very frightened and fearful that a sheriff's deputy would be serving him papers.

23. Fearing that the Defendant's representations were true, Mr. Bradley then agreed to settle this alleged account for $3,995.66.

24. Mr. Bradley paid the Defendant $490 by credit card on that date.

25. On that same date, the Defendant sent the Plaintiff an overnight letter confirming the settlement agreement and his payment of $490. A copy of the letter is attached as Exhibit A.

26. That was the first written communication with the Plaintiff, and to this date, the only written communication with the Plaintiff.

27. The Plaintiff, however, did not owe Defendant any money for any such account.

28. Nor did the Plaintiff owe any money to "Bank One."

29. Even if the Plaintiff had previously had a joint credit account with his ex-wife, any such account would have long been past the statute of limitations for the collection of such an account, thus making any threat of legal action false and

impossible.

30. Defendant obtained and/or viewed at least one copy of the Plaintiff's credit report in May and June of 2017.

31. These inquiries into the Plaintiff's credit reports were unauthorized by the Plaintiff.

32. Credit inquiries made by alleged creditors of a consumer have a tendency to reduce such a person's apparent creditworthiness and ability to borrow.

33. The Defendant's inquiries into Plaintiff's credit reports did in fact have a negative impact on the Plaintiff's credit profile and ability to access credit.

34. The Defendant had no right to take any legal action against the Plaintiff.

35. The Defendant knew that it had no right to take any legal action against the Plaintiff.

36. The Defendant had no intention of taking legal action against the Plaintiff.

37. The Defendant had no intention of serving court papers on the Plaintiff.

38. According to state court records, the Defendant has never sued a consumer in Alabama.

39. The Defendant tried to collect from the Plaintiff a debt that was not owed.

40. The Defendant falsely represented to the Plaintiff that he owed over $10,000.

41. The Defendant falsely represented to the Plaintiff that he had an unpaid credit card debt to Bank One.

42. The Defendant never had any right to collect any money from the Plaintiff.

43. The Defendant made these false statements with the intention of taking money from the Plaintiff.

44. The Defendant's false representations did in fact induce the Plaintiff to pay them $490 that he did not owe.

45. The Defendant's letter of June 14, 2017 falsely implied that they would report negative information on the Plaintiff's credit report.

46. The Defendant falsely stated that it intended to serve legal process on the Plaintiff's ex-wife, Donna Bradley.[1]

---

1  Donna Bradley was the name of the Plaintiff's ex-wife when they were married. The Plaintiff is unaware of her

47. During the telephone calls to the Plaintiff, the Defendant did not inform him that it was a debt collector and that information provided would be used for that purpose.

48. The Defendant's course of action in attempting to collect this debt have caused the Plaintiff damages in the following ways:

    (a) He was deceived into agreeing to pay $3,995.66 and actually paid $490 that he didn't owe;

    (b) He had to take time off from work and family to deal with this matter;

    (c) He suffered the embarrassment of having to deal with this bogus debt collection attempt at his place of employment and in the presence of his co-workers;

    (d) This entire ordeal has been mentally and physically taxing, and has caused him natural anger, frustration, stress, humiliation, fear for his family's financial well-being, and unjustified and abusive invasion of his personal privacy;

    (e) Damage to his credit and reputation.

### COUNT ONE: 15 U.S.C. §1692e

49. Plaintiff realleges and incorporates by reference paragraphs 1 through 48 above.

50. 15 U.S.C.§1692e prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

51. 15 U.S.C. §1692e(2)(A) specifically prohibits the false representation of "the character, amount, or legal status of any debt."

52. Defendant violated 15 U.S.C. §1692e(2)(A) by falsely representing to the Plaintiff that he owed $10,624.80 to the Defendant.

53. Defendant violated 1692e(2)(A) by falsely representing to the Plaintiff that the he had an unpaid credit card balance with Bank One.

54. Defendant violated 1692e(2)(A) by falsely representing to the Plaintiff that if he failed to pay them quickly that they would serve legal papers on him.

55. Defendant violated 1692e(5) by threatening to initiate legal proceedings against

---

current name.

the Plaintiff, when in fact it had no right to take any action against him.

56. 15 U.S.C. §1692e(8) prohibits the communication "to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

57. Defendant violated 1692e(8) by falsely representing to at least one consumer reporting agency that they had a legitimate business purpose for obtaining Mr. Bradley's credit report.

58. Defendant violated 1692e(11) by failing in its telephone calls to disclose to the Plaintiff that it was a debt collector and that any information obtained from the Plaintiff would be used against him.

59. Defendants' violations of 1692e have caused the Plaintiff damages as stated above.

60. As a result of Defendants' violations of the 15 U.S.C. §1692e, Plaintiff is entitled to actual damages, statutory damages, expenses, costs, and reasonable attorney's fees.

## COUNT TWO: 15 U.S.C. §1692f

61. Plaintiff realleges and incorporates by reference paragraphs 1 through 48 above.

62. 15 U.S.C. §1692f prohibits a debt collector from using any "unfair or unconscionable means to collect or attempt to collect a debt."

63. Seeking collection of money from a consumer for a debt that is not owed is an "unfair and unconscionable practice offensive to §1692f,"[2] even if where the consumer once owed the debt.

64. In this case, Mr. Bradley never owed the alleged debt.

65. 15 U.S.C. §1692f(1) prohibits "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is...permitted by law.

66. The Defendant violated 15 U.S.C. §1692f by seeking to collect a debt that was not owed.

67. As described above, Plaintiff has suffered damage as a result of Defendant's

---

2   *Kimber v. Federal Financial Corp.* 668 F. Supp 1480 (M.D. Ala. 1987).

unfair and unconscionable collection efforts.

68. As a result of Defendant's violations of 15 U.S.C. §1692f, Plaintiff is entitled to actual damages, statutory damages, expenses, costs, and reasonable attorney's fees.

## COUNT THREE: FRAUD

69. Plaintiff realleges and incorporates by reference paragraphs 1 through 48 above.

70. Defendant undertook to collect this alleged debt from the Plaintiff fully aware that he did not owe the debt.

71. Defendant made numerous false representations to the Plaintiff.

72. Defendant made such false representations in order to induce the Plaintiff to pay them money that he did not owe.

73. The Plaintiff, relying on the Defendant's misrepresentations, did in fact pay them $490 that he did not owe.

74. The Plaintiff, relying on the Defendant's misrepresentations, agreed to "settle" the alleged account for $3,995.66.

75. It is a regular practice of the Defendant to seek collection of debts that are not owed.

76. Defendant intentionally deceived the Plaintiff in order to trick him into paying them money they had no right to collect.

77. Alternatively, Defendant sought collection of the alleged account with reckless disregard for whether or not he actually owed them any money.

78. As a direct result of Defendants' conduct in seeking collection of this debt, the Plaintiff has suffered damage as described above.

79. The harm that Plaintiff suffered as a result was entirely foreseeable, and was exactly the sort of harm that one would foresee to be the result of demanding payment of a bogus debt.

80. Because the Defendant's conduct was intentional and/or reckless, unconscionable, and part of a pattern and practice of similar misbehavior, it deserves an imposition of punitive damages to deter similar conduct in the future.

81. For its fraud upon the Plaintiff, the Defendant is liable to the Plaintiff for actual damages and punitive damages.

82. It was foreseeable that the actions of Defendant would lead to the exact sort of harm suffered by the Plaintiff.  Defendant did in fact foresee that its actions would have damaging consequence for the Plaintiff, yet Defendants chose to pursue its course of action regardless..

## COUNT FOUR: 15 U.S.C. §1681

83. Plaintiff realleges and incorporates by reference paragraphs 1 through 48.

84. Defendant obtained, viewed, or otherwise made use multiple consumer reports relating to the Plaintiff in May and/or June of 2017.

85. Defendant had no legitimate purpose for obtaining or using Plaintiff's credit report.

86. Consumer credit reports contain highly sensitive and detailed information about a person's finances and lifestyle.

87. The Fair Credit Reporting Act recognizes this, and contains numerous provisions designed to protect consumers from unnecessary intrusion into their affairs.

88. Particularly, 15 U.S.C. §1681b(f) prohibits any person from obtaining or using a consumer report for any purpose other than those specific enumerated "permissible purposes" listed in 15 U.S.C. §1681b(a)(3).

89. In this case, the Plaintiff had no prior business relationship whatsoever with either of the Defendant.

90. Nor did Plaintiff owe Defendant any money on any account which Defendant might have sought to collect or review.

91. Nor did the Plaintiff ever provide Defendant with permission to obtain his reports.

92. Defendant violated the Fair Credit Reporting Act by obtaining or using the Plaintiff's credit report without a permissible purpose for doing so.

93. The sole reason that the Defendant viewed Mr. Bradley's credit report was to obtain personal information on the Plaintiff which it could then use to convince him that they legitimately had the right to seek money from him.

94. The Defendant falsely represented to one or more consumer reporting agencies that it had a permissible purpose to obtain the Plaintiff's credit report.

95. The Defendant certified to each the consumer reporting agencies that it sought the Plaintiff's reports for a particular permissible purpose.

96. Any certification of a permissible purpose to any credit reporting agency was false.

97. 15 U.S.C. §1681q prohibits any person from obtaining a credit report under false pretenses.

98. The Defendant obtained the Plaintiff's credit report under false pretenses.

99. The Defendants' violation of the Fair Credit Reporting Act has harmed the Plaintiff by, *inter alia*, damaging his credit rating and reputation.

100. Defendant's violation of the Fair Credit Reporting Act was intentional or reckless, and done without any regard for whether they had any right to view Mr. Bradley's credit reports.

101. Alternatively, the Defendant's violation of the Fair Credit Reporting Act was negligent, and could have been easily avoided by undertaking a reasonable investigation.

102. For such violation, the Defendants are liable to the Plaintiff for actual damages, costs, and attorney's fees, pursuant to 15 U.S.C. §1681o.

103. For their willful violations of the Fair Credit Reporting Act, the Defendants are liable to the Plaintiff for actual damages, statutory damages of up to $1,000, punitive damages, costs, and attorney's fees, pursuant to 15 U.S.C. §1681n.

WHEREFORE, PREMISES CONISDERED, Your Plaintiff respectfully prays this Honorable Court Issue an Order against the Defendants for the following:

A) Actual damages arising from the Defendant's violations of the Fair Debt Collection Practices Act;
B) Statutory damages of One Thousand Dollars ($1000) from Defendant for its violations of the Fair Debt Collection Practices Act;
C) Actual damages and punitive damages for the fraud worked on the Plaintiff by the Defendant;

D) Actual damages and punitive damages for Defendant's violations of the Fair Credit Reporting Act;
E) Statutory damages of One Thousand Dollars from Defendant for its violations of the Fair Credit Reporting Act;
F) Costs, expenses, and reasonable attorneys fees incurred in bringing this action;
**G) A trial before a struck jury;**
H) For such other, further, and general relief as Your Honor deems just and proper;

RESPECTFULLY SUBMITTED this the 29th Day of June, 2017.

/s/ Judson E. Crump
Judson E. Crump
Attorney for Plaintiff

Judson E. Crump, PC
250 Congress Street
Mobile, AL 36603
251.272.9148
judson@judsonecrump.com